

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**COREY BRIAN SANDERS, ADC # 113737**                                      **PLAINTIFF**

v.                                    NO. 5:10-CV-251 BSM/JTR

**RAY HOBBS, JOE PAGE, III, ET AL.**                                       **DEFENDANTS**

## AGREED PROTECTIVE ORDER

The parties by and through John D. Davison and Michael A. Thompson for Plaintiff and Attorney General Dustin McDaniel and Assistant Attorney General Hester I. Criswell for Arkansas Department of Correction (ADC) Defendant Joe Page III, jointly request this Court issue a protective order in accordance with Rule 26(c) of the Federal Rules of Civil Procedure.

1. Definition of Terms. "Counsel" or "attorney" means counsel of record for any of the parties to this action, and their respective support staff, including secretarial and other assistants to whom it is necessary to disclose protected material for the purpose of this action

2. In the course of discovery, Plaintiff has requested to take the deposition of defendant Joe Page, II, which the parties have agreed to and is scheduled for July 31, 2012.

3. The parties anticipate that during the course of the deposition, plaintiff's attorney will question defendant regarding confidential witness, their statements, the content of the investigation and other matter, all of which is confidential information, which defendants believe should not be released to inmates because the release not only would be prohibited contraband for the prisoner to possess, but also would be a threat to the security and good order of the institution.

4. Plaintiff is an inmate serving a life sentence without the possibility of parole in currently confined at the Maximum Security Unit of Arkansas Department of Correction (ADC).

5. In order to resolve the issue of confidentiality during the completion of discovery, defendants has requested and plaintiff, though legal counsel has agreed to enter a protective order prohibiting release of the transcript of the deposition of defendant to plaintiff, as more specifically provided herein below.

6. Plaintiff has also served requests for discovery to defendant requesting certain records from Arkansas Department of Correction, including confidential documents concerning the evidence and written documents submitted during the investigation of Plaintiff for violation of prison rules and the ADC disciplinary hearing proceedings.

7. Because the requested documents contain confidential information, Defendants have requested that a protective order be entered into between the parties.

8. Plaintiff has agreed to Defendant request that a protective order be filed.

9. The parties agree that the information concerning other inmates, staff investigations concerning inmates conduct, internal ADC investigations ( including, but not limited to all Internal Affairs Investigations) and civilians contacted during the investigation, if any, including contents of their institutional file, will be held in confidence by counsel for Plaintiff and will not be used for any purpose other than preparing and presenting their case to the U.S. District Court. Further, such information and documents shall not be disclosed to the inmate plaintiff, provided, however, that this provision shall not apply to the incidental disclosure to plaintiff during the course of the arguments, evidence, or testimony presented at the trial of this matter. If any party desires protection against the incidental disclosure of such information or documents during the course of the trial of this matter, he may request additional relief through a subsequently filed, written motion to the Court.

10. Plaintiff counsel has agreed to this protective order, and further agreed that any information gained, any records that are disclosed, and an documents photocopied from the records by or for counsel for Plaintiff as described herein may be used only in connection with preparing and presenting Plaintiff's case to the District Court; and that, except as provided in Paragraphs 11 and 13, any documents obtained by Plaintiff's counsel shall remain in the custody of Plaintiff's attorney.

11. Neither Plaintiff nor anyone acting for or on Plaintiff's behalf shall in any manner, directly or indirectly, transfer or communicated any of the information or data obtained to any person not a party to this litigation other than for proper purposes directly related to the trial of this action.

12. At the conclusion of this litigation, all of the documents furnished to counsel for Plaintiff shall be destroyed or returned to Defendant's counsel, and neither plaintiff nor his counsel will retain any copies.

13. Plaintiff and Defendant agree that if records containing the confidential information identified in Paragraph 9 are used in any motion, trial exhibits or are otherwise filed with the District Court, said records will be filed "under seal." However, apart from the requirement that these records be filed "under seal", nothing herein shall be construed to affect in any manner the use or admissibility at trial or any other court proceeding of any document, testimony, or other evidence.

AGREED TO BY:

_____
DUSTIN McDANIEL, Attorney General
By Hester Criswell, ABN 94020
Assistant Attorney General

3

323 Center Street, Suite 200
Little Rock, Arkansas 72201
Phone: (501) 682-5312
Fax: (501) 682-2591
hester.criswell@arkansasag.gov
Attorneys for ADC Defendants

AGREED TO BY:

*/s/ John D. Davis*

John D. Davis
Email: jddavis@wlj.com
Michael A. Thompson
Email: mthompson@wlj.com
Wright, Lindsey & Jennings LLP
200 West Capitol Avenue, Suite 2300
Little Rock, AR 72201-3699
Phone: 501-371-0808
Attorneys for Plaintiff

4